## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHANIE NOTTINGHAM | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-191 |
| | * | |
| BOARD OF EDUCATION OF CHARLES COUNTY | * | |

\*\*\*\*\*\*

## MEMORANDUM

Stephanie Nottingham has brought this action against the Board of Education of Charles County alleging that she was demoted as an act of retaliation. Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

Plaintiff served as the principal at Eva Turner Elementary School. She had been in that position since July 1, 2011 and remained in the position until June 30, 2014. Effective July 1, 2013, Dr. Kimberly Hill was appointed by the Board of Education to the position of Superintendent of Charles County Public Schools. Dr. Sylvia Lawson served in the capacity of Assistant Superintendent of School Administration during the 2013-14 school year and was plaintiff's direct supervisor. The 2011-2012 school year and through the 2012-2013 school year plaintiff was rated "satisfactory" as principal of Eva Turner.

On August 7, 2013 Dr. Lawson, who – like plaintiff – is African-American, allegedly said to plaintiff "I don't think you are principal material and I am putting you on an action plan." On November 19, 2013 plaintiff advised her union representative that Dr. Lawson was harassing her. The union representative appealed the "action plan," and the action plan was converted into a "Professional Development Expectations" plan for plaintiff.

1

Dr. Hill became increasingly concerned about the apparent lack of instructional leadership as well as the declining school climate at Eva Turner, prompting her to reassign plaintiff from the position she held as principal at Eva Turner to a vice principal position elsewhere. She was replaced as principal of Eva Turner by another African-American female.

Plaintiff complained to the Charles County branch of the National Association of the Advancement of Colored People about her demotion. Shortly thereafter, representatives of the NAACP met with Dr. Hill. Dr. Hill denied having any discussions with a representative of the NAACP about personnel issues, including plaintiff's reassignment and transfer. Plaintiff has produced no evidence as to what was discussed at the meeting between Dr. Hill and the NAACP representative. Dr. Hill demoted plaintiff eleven days after the meeting with the NAACP representative.

Defendant continued plaintiff's salary at the principal level until June 30, 2016 although plaintiff was serving as a vice principal at another school. Plaintiff received the highest rating for the 2013-2014 school year of "Highly Effective." However, as pointed out by defendant, plaintiff scored only 29 out of 50 points on the evaluation, and the evaluation was due in large part to the performance of the students at Eva Turner.

On these facts plaintiff cannot establish a *prima facie* case that she was retaliated against for conferring with the NAACP. Further, assuming that she could make out a *prima facie* case, that defendant's actions were not pretextual. She has not proven what was discussed at the meeting between the representative of the NAACP and Dr. Hill. Moreover, the superintendent of the school system has the responsibility to make her own assessment of the performance of principals in the school system over which she has responsibility, and the fact that plaintiff was

replaced by another African-American female as the principal at Eva Turner undermines her argument that she was demoted as retaliation for approaching a member of the NAACP.

A separate order is being entered herewith effecting the ruling made in this memorandum.

Date: June 30, 2016

_____
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2016 JUN 30 AM 11: 55
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY